UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x

In re                          :     Chapter 11

                              :

Interfaith Medical Center, Inc.,[1]      :     Case No. 12-48226 (CEC)

                              :

             Debtor.    :

---------------------------------------------------------x

### INTERIM ORDER PURSUANT TO SECTIONS 105(a) AND 363(b) OF BANKRUPTCY CODE AUTHORIZING DEBTOR TO PAY PREPETITION CLAIMS OF CRITICAL VENDORS

Upon the motion (the "**Motion**") of Interfaith Medical Center, Inc., the debtor and debtor in possession in the above-captioned case (the "**Debtor**"), for an interim order, pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the Debtor to pay prepetition claims of critical vendors; and upon the Declaration of Luis A. Hernandez, President and Chief Executive Officer of Interfaith Medical Center, Inc., In Support of Chapter 11 Petitions and First Day Pleadings; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interest of the estate, its patients, its creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED, ADJUDGED, AND DECREED that:

1.    The Motion is granted to the extent set forth herein.

2.    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

---

[1]    The last four digits of the Debtor's federal tax identification number are 6155.  The Debtor's mailing address is 1545 Atlantic Avenue, Brooklyn, New York 11213.

3.    The Debtor is authorized, but not directed, in its sole discretion, to pay in the ordinary course of its business, the Critical Vendor Claims in amounts not to exceed $1 million in the aggregate on an interim basis.  Any payments made with respect to Critical Vendor Claims pursuant to this Interim Order shall be applied to such Critical Vendor's most recent invoice for goods provided and/or services rendered.

4.    The Debtor is authorized and directed to undertake appropriate efforts to cause Critical Vendors to enter into Trade Agreements with the Debtor substantially similar to that annexed as Exhibit A to the Motion, as a condition of payment of each such Critical Vendor's Critical Vendor Claims.

5.    If a Critical Vendor refuses to supply goods to the Debtor on Customary Trade Terms (or such other terms as are agreed by the parties) following receipt of payment on its Critical Vendor Claim, or fails to comply with any Trade Agreement entered into between such Critical Vendor and the Debtor, then the Debtor may, in its discretion and without further order of the Court: (a) declare that any Trade Agreement between the Debtor and such Critical Vendor is terminated; (b) declare that payments made to such Critical Vendors on account of its Critical Vendor Claims shall be deemed to have been in payment of then-outstanding or subsequently accruing postpetition claims of such Critical Vendor; and (c) recover any payment made to such Critical Vendor on account of its Critical Vendor Claims to the extent that such payments exceeded the postpetition claims of such Critical Vendor, without giving effect to any rights of setoff, claims, provision of payment of reclamation or trust fund claims or other defense.  Nothing herein shall constitute a waiver of the Debtor of its rights to seek damages or other appropriate remedies against any breaching Critical Vendor.

6.      Notwithstanding the foregoing, the Debtor may, in its sole discretion, reinstate a Trade Agreement if:

(a)      the underlying default under the Trade Agreement is fully cured by the Critical Vendor not later than five (5) business days following the Debtor's notification to the Critical Vendor of such default had occurred; or

(b)      the Debtor, in its sole discretion, reach a favorable alternative agreement with the Critical Vendor.

7.      Nothing herein shall be construed to limit, or in any way affect, the Debtor's ability to dispute any Critical Vendor Claim.

8.      Nothing contained in this Interim Order shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease between the Debtor and a Critical Vendor or to require the Debtor to make any of the payments authorized herein.

9.      The authorization granted hereby to pay Critical Vendor Claims shall not create any obligation on the part of the Debtor or its officers, directors, attorneys or agents to pay the Critical Vendor Claims, none of the foregoing persons shall have any liability on account of any decision by the Debtor not to pay a Critical Vendor Claim and nothing contained in this Interim Order shall be deemed to increase, reclassify, elevate to an administrative expense status or otherwise affect the Critical Vendor Claims to the extent they are not paid.

10.      The amount of any Critical Vendor Claim set forth in a Trade Agreement shall be used only for purposes of determining a Critical Vendor's claim under this Interim Order and shall not be deemed a claim allowed by the Court, and the rights of all interested persons to object to such claim shall be fully preserved until further order of the Court.  Further, signing a Trade Agreement containing a claim amount for purposes of this Interim Order shall

not excuse such Critical Vendor from filing a proof of claim in this case on account of prepetition amounts that may remain unpaid.

11.    No claimant who receives payment on account of a Critical Vendor Claim (whether or not such claimant signs a Trade Agreement) is permitted to:  (a) file or perfect a Lien on account of such claim, and any such claimant shall take all necessary action to remove any existing Lien relating to such claim, even if the Lien is against property of a non-Debtor; or (b) seek payment for a Reclamation Claim, 503(b)(9) Claim or similar claim outside of the terms of this Interim Order.

12.    Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person.

13.    Nothing in this Interim Order shall prohibit the Debtor from seeking Court approval to increase the prepetition amounts authorized to be paid hereunder.

14.    The execution of a Trade Agreement by the Debtor shall not be declared a waiver of any other cause of action, including avoidance actions, which may be held by the Debtor.

15.    Notwithstanding anything to the contrary contained in this order, any payment made pursuant to or payment authorization contained in this order shall be subject to any requirements imposed on the Debtor under any then operative order of this Court regarding the Debtor's use of cash collateral or approving the Debtor's entry into and performance under a debtor in possession financing agreement.

16.    Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor.

17.     Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be effective and enforceable immediately upon entry hereof.

18.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Interim Order.

19.     Any objections to entry of a final order on the Motion must be (a) filed with the Court no later than 4:00 p.m. prevailing Eastern time on December 10, 2012 (the "**Objection Deadline**") and (b) served so as to be actually received by the following parties by the Objection Deadline:  (i) Interfaith Medical Center, 1545 Atlantic Avenue, Brooklyn, NY 11213, Attn.: Robert Mariani; (ii) counsel for the Debtor, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019 (Attn: Alan J. Lipkin, Esq. and Shaunna D. Jones, Esq.); (iii) the Office of the United States Trustee, 271 Cadman Plaza East, Suite 4529, Brooklyn, NY 11201 (Attn: William E. Curtin and Susan D. Golden); (iv) counsel to DASNY; and (v) the Debtor's twenty (20) largest unsecured creditors on a consolidated basis.

20.     Any objections or responses to the Motion shall be filed and served on parties-in-interest as required by the Local Rules.

21.    A hearing shall be held to consider the relief granted herein on a final basis on December 17, 2012, at 2:00 p.m., before the Honorable Carla E. Craig, United States Bankruptcy Judge, in Courtroom 3529, 271 Cadman Plaza East, Suite 1595, Brooklyn, NY 11201-1800 (the "**<u>Final Hearing</u>**") and, pending entry of an order following the conclusion of the Final Hearing, the relief granted herein shall remain in effect on an interim basis.



**Dated: Brooklyn, New York**
**December 4, 2012**

_____
**Carla E. Craig**
**United States Bankruptcy Judge**