# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

September 25, 2013

**VIA ECF**

Honorable Carla E. Craig
Chief United States Bankruptcy Judge
United States Bankruptcy Court
Eastern District of New York
271-C Cadman Plaza East
Brooklyn, NY 11201

Re: In re Interfaith Medical Center, Inc. Chapter 11 Case No. 12-48226 (CEC)

As to: Debtor's Revised Proposed Order: (I) Authorizing the Debtor to Obtain Postpetition Secured Financing Pursuant to Sections 105, 361, 362, 364, 503(b) and 507(b) of the Bankruptcy Code; (II) Authorizing the Debtor to Use Cash Collateral on a Final Basis Pursuant to Section 363 of the Bankruptcy Code; (III) Providing Adequate Protection Pursuant to Sections 361, 362, and 363 of the Bankruptcy Code; (IV) Modifying the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code; (V) Authorizing and Approving a Related Compromise and Settlement Pursuant to Section 363 of the Bankruptcy Code and Bankruptcy Rule 9019; and (IV) Providing Related Relief, with Revised DIP and Closure Budget and DIP Credit Agreement Attached [Docket No. 732] (the "Proposed DIP Order")

Dear Judge Craig:

We write as counsel for the Debtor in the above-referenced case. At a hearing on September 11, 2013, the Court granted the Debtor's DIP Financing Motion [Docket No. 638] subject to a Notice of Presentment of a revised proposed DIP financing order. On September 18, 2013, the Debtor filed the Proposed DIP Order [Docket No. 732] with a presentment date and time of September 23, 2013 at 12:00 noon and an objection deadline of September 23, 2013 at 11:00 a.m. Prior to the presentment time, the Secretary of Health and Human Services (the "HHS") filed its Limited Objections to the Proposed DIP Order [Docket No. 738] (the "HHS Objection"). No other objection was filed to the Proposed DIP Order.

This letter is to advise the Court and all parties in interest that the HHS Objection has been resolved by the addition of paragraph 13(e) to the Proposed DIP Order. Annexed hereto is a redline of the changed page of the Proposed DIP Order including the new paragraph 13(e). The revised form of order has been agreed to by the Debtor, the HHS, DASNY, and the Committee, and has been uploaded to the Court's ECF portal for entry. Accordingly, as there is no outstanding objection to the Proposed DIP Order, the Debtor hereby respectfully requests that the Court enter the Order as promptly as possible.

Respectfully,

Alan J. Lipkin

**EXHBIIT A**

Redline Reflecting Changed Page of Proposed DIP Order

Case 1-12-48226-cec    Doc 742    Filed 09/25/13    Entered 09/25/13 18:39:16

(e)     Nothing in this Final Order shall serve to extinguish or limit federal interests or rights, if any, which exist pursuant to 45 C.F.R. Part 74 with respect to property or equipment purchased by the Debtor with grant money provided by the U.S. Department of Health and Human Services; provided, however, that the rights of all parties in interest to contest whether any such federal interests or rights of the U.S. Department of Health and Human Services exist, and their extent, priority and validity, are hereby preserved.

14.     DIP Collateral. The DIP Liens of the DIP Lender under the DIP Loan Documents and as approved and perfected by this Final Order include, inter alia, liens upon and security interests in (i) all of those items and types of collateral in which security interests may be created under Article 9 of the Uniform Commercial Code, (ii) all of those items and types of collateral not governed by Article 9 of the Uniform Commercial Code, including, without limitation, licenses issued by any federal or state regulatory authority (if appropriate), any leasehold or other real property interests, and commercial tort claims of the Debtor, (iii) any and all other DIP Collateral of any nature or form, and (iv) the products, rents, offspring, profits, and proceeds of any of the foregoing; provided, however, that the DIP Liens shall not attach to and the DIP Superpriority Claim and the DIP Obligations shall not be payable from (i) Avoidance Actions and Avoidance Action Proceeds (subject to the DIP Lender's rights being full reserved to seek payment from and recourse to same), (ii) funds advanced by the I M Foundation, Inc. (subject to the right of the DIP Lender to seek inclusion of same), (iii) any restricted contributions, grants, gifts and bequests, other than any VAP Award, held or received by IMC (subject to the right of the DIP Lender to seek inclusion of same), and (iv) the Retained Professionals Fund (except for the any Residual Interest). None of the DIP Obligations, DIP Liens or DIP Superpriority Claim shall (a) be subject to or *pari passu* with any lien or security interest that is avoided and