**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
In re                                              :    Chapter 11
                                                   :
Interfaith Medical Center, Inc.,[1]                :    Case No. 12-48226 (CEC)
                                                   :
                                         Debtor.   :    Re: Docket No. 747
                                                   :
------------------------------------------------------- x

## STIPULATION AND ORDER
## MODIFYING FINAL DIP ORDER

WHEREAS, the New York State Department of Health ("**DOH**"), Interfaith Medical Center, a New York not-for-profit corporation, as chapter 11 debtor and debtor in possession ("**IMC**" or the "**Debtor**"), and the Dormitory Authority of the State of New York ("**DASNY**," or, in such capacity, the "**DIP Lender**") have engaged in discussions and negotiations leading up to this Stipulation and Order, and such parties, and DOH, will continue to take part in negotiations related to the term sheet annexed hereto;

It is hereby STIPULATED AND AGREED by IMC and DASNY as follows:

1.  Upon Bankruptcy Court approval hereof, the Final Order (I) Authorizing the Debtor to Obtain Post-Petition Secured Financing Pursuant to Sections 105, 361, 362, 364, 503(b) and 507(b) of the Bankruptcy Code; (II) Authorizing the Debtor to Use Cash Collateral pursuant to Section 363 of the Bankruptcy Code; (III) Providing Adequate Protection Pursuant to Sections 361, 362, and 363 of the Bankruptcy Code; (IV) Modifying the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code; (V) Authorizing and Approving a Related Compromise and Settlement Pursuant to Section 363 of the Bankruptcy Code and Bankruptcy

---

[1] The last four digits of the Debtor's federal tax identification number are 6155. The Debtor's mailing address is 1545 Atlantic Avenue, Brooklyn, New York 11213.

Rule 9019; and (VI) Providing Related Relief dated September 30, 2013 [Docket No. 747] (the "**Final DIP Order**"),[2] the DIP Credit Agreement and other DIP Loan Documents are hereby modified pursuant to the terms of this Stipulation and Order.

2. The terms and conditions of the Final DIP Order, the DIP Credit Agreement and the other DIP Loan Documents are incorporated herein by reference as if fully set forth herein, except as expressly modified herein.

3. Paragraph 19(a) of the Final DIP Order is hereby modified to replace the words "*the* DIP Transaction Deadline" *(CEC)* with "March 14, 2014".

4. The revised DIP Budget referenced in Paragraph 4(a) of the Final DIP Order through and including March 14, 2014, is annexed hereto as Exhibit 1. The DIP Budget may be subsequently amended in accordance with Paragraph 4(a) of the Final DIP Order. The DIP Budget shall be subject in all respects to the approval of the DIP Lender; provided, however, after the DIP Transaction (as defined in the Term Sheet (defined below)) is consummated, the DIP Budget shall no longer be subject to the approval of the DIP Lender with respect to the Estate (as defined in the Term Sheet).

5. The date in Paragraph 34(h) (ii) of the Final DIP Order for the Debtor to obtain approval of the Debtor's motion seeking authorization to implement the Closure Plan shall be extended to fourteen (14) days after the DIP Transaction Deadline (as such deadline is modified by the Term sheet attached hereto as Exhibit 2 (the "**Term Sheet**"), assuming it is approved by the Bankruptcy Court), or such later date as otherwise permitted in writing by DASNY in its sole discretion after consultation with DOH.

---

[2] Unless otherwise defined herein, all capitalized terms used herein have the meanings ascribed to such terms in the Final DIP Order and DIP Loan Documents, as applicable.

6.  Pending approval of the DIP Transaction, there shall be no Event of Default as a result of the expiration of the dates in Paragraph 34(h)(iii) of the Final DIP Order for Events of Default. In the event that: (i) the DIP Transaction set forth in the Term Sheet is not approved by the Bankruptcy Court substantially in the form described in Exhibit 2; or (ii) the DIP Transaction is not consummated on or before the DIP Transaction Deadline, all dates in Paragraph 34(h)(iii) of the Final DIP Order for Events of Default shall be extended to dates that are fourteen (14) days after the DIP Transaction Deadline, or such later date(s) as otherwise permitted in writing by DASNY in its sole discretion after consultation with DOH.

7.  The DIP Transaction Deadline set forth in Paragraph 36(b) of the Final DIP Order shall be extended to March 14, 2014, except as otherwise permitted in writing by DASNY in its sole discretion after consultation with DOH.

8.  The Commitment Schedule annexed to the DIP Credit Agreement is hereby modified to increase the Initial Loan Commitment (inclusive of $4 million of VAP funding held by the Debtor) to $17,350,000. Accordingly, the last sentence of the Definition of "Commitment(s)" in the DIP Credit Agreement is hereby increased (inclusive of $4 million of VAP funding held by the Debtor) to $25,100,000 (after netting what otherwise would have been a $3.5 million repayment of the DIP Facility by the Debtor). If this Stipulation and Order is approved and entered by the Bankruptcy Court on January 27, 2014, $3.5 million of the Initial Loan Commitment shall be wire transferred to the Debtor on or before January 28, 2014 by 12 noon (EST); and if this Stipulation and order is subsequently approved and entered by the Bankruptcy Court, then such $3.5 million shall be wire transferred to the Debtor within one business day of the date of entry. In addition, pursuant to the DIP Budget and the DIP Loan Documents, within one business day of entry of this Stipulation and Order, DASNY shall

provide written authorization to the Debtor to allow use of the $4 million of VAP funds now held by the Debtor.

9.    The Debtor and the DIP Lender have agreed in principle, subject to Bankruptcy Court approval thereof, to the terms set forth in the Term Sheet; *provided*, *however*, that the Debtor's agreement to such Term Sheet is subject, *inter alia*, to a $10 million increase of the Initial Loan Commitment and the last sentence of the Definition of "Commitment(s)" in the DIP Credit Agreement above what is set forth for each in Paragraph 8 of this Stipulation and Order. The attachment of the Term Sheet to this Stipulation and Order in no way constitutes the Court's approval of such Term Sheet, as to which all parties' rights shall be reserved. For the avoidance of doubt, assuming the agreement in principle embodied in the Term Sheet is in fact consummated, pursuant to the Final DIP Order, the DIP Loan Documents, this Stipulation and Order and the Term Sheet, the DIP Facility shall consist of the following:

| Amount | Remarks |
| --- | --- |
| $9.85 million | Initial Loan Commitment previously loaned to Debtor. HCRP loans (with $3.3 million of such amount backstopped by HEAL grant to be assigned or paid by Debtor to DASNY as provided in the Term Sheet). |
| $4 million | Initial Loan Commitment. VAP Award (previously awarded and in the possession of Debtor). |
| $3.5 million | Initial Loan Commitment. HCRP loan pursuant to this Stipulation and Order. |
| $10 million | Initial Loan Commitment. HCRP loan and other sources pursuant to the Term Sheet to provide funding until DIP Transaction Deadline. |
| $7.75 million | Subsequent Loan Commitment (with prior obligation for Debtor to repay $3.5 million to DIP Lender eliminated as provided in the Term Sheet). HRCP loan to be funded upon consummation of DIP Transaction. |
| $35.1 million | Total DIP Facility (net of $3.5 million de facto repayment of DIP Loan to DASNY). |

10.    The DIP Lender hereby withdraws without prejudice the Notices of DIP Defaults filed by the DIP Lender on January 16, 2014 [Docket Nos. 852, 853].

11.    So long as the Debtor complies with the terms of the Term Sheet, the DIP Lender and DOH shall be precluded from seeking the appointment of a trustee, a responsible person, or any similar relief for the Debtor or the Estate (as defined in the Term Sheet) pursuant to section 1104 of the Bankruptcy Code or otherwise based on conduct or events occurring prior to the date of this Stipulation and Order; provided, however, DOH may seek the appointment of a trustee or responsible person or otherwise at any time based on patient health and safety issues. Upon consummation of the DIP Transaction set forth in the Term Sheet, the DIP Lender and DOH shall be precluded from seeking the appointment of a trustee, a responsible person, or any similar relief for the Debtor under section 1104 of the Bankruptcy Code or otherwise; provided,

however, DOH may seek the appointment of a trustee or responsible person or otherwise at any time based on patient health and safety issues.

12. Each of the undersigned attorneys are authorized by each of their respective clients to enter into the terms of this Stipulation and Order.

13. Prior to consummation of the DIP Transaction as set forth in the Term Sheet, the Debtor shall have no further obligation to utilize the services of Gordian Dynamis Solutions LLC (including the Chief Restructuring Officer) unless otherwise directed in writing by the DIP Lender in which case (i) any related fees and expenses shall be at the DIP Lender's expense, and (ii) the Debtor hereby waives any conflict of interest with respect to any such retention. Upon consummation of the DIP Transaction set forth in the Term Sheet, Debtor shall have no further obligation to utilize the services of Gordian Dynamis Solutions LLC, but shall not object to its retention by the DIP Lender or Temporary Operator (as defined in the Term Sheet).

14. The Debtor shall file a motion seeking approval of the Term Sheet no later than January 31, 2014, on an expedited basis.

Dated: January 27, 2014

        WILLKIE FARR & GALLAGHER LLP

        By: /s/ Alan J. Lipkin
            Alan J. Lipkin
            Shaunna D. Jones
            Anna C Burns
        787 Seventh Avenue
        New York, New York 10019
        Tel: (212) 728-8000
        Fax: (212) 728-8111

        *Attorneys for the Debtor and Debtor in Possession*

        WINSTON & STRAWN LLP

        By: /s/ David Neier
            David Neier (dneier@winston.com)
            Carrie V. Hardman (chardman@winston.com)
        200 Park Avenue
        New York, New York 10166
        Telephone: (212) 294-6700
        Facsimile: (212) 294-4700

        *Attorneys for the Dormitory Authority*
        *of the State of New York*



**Dated: Brooklyn, New York**
**January 27, 2014**

        **Carla E. Craig**
        **United States Bankruptcy Judge**