Hearing Date: August 11, 2014 at 2:00 p.m. (Eastern Time)
Objection Deadline: August 4, 2014 at 4:00 p.m. (Eastern Time)

NIXON PEABODY LLP
Peter Armstrong Egan
Christopher M. Desiderio
437 Madison Avenue
New York, New York 10022
Telephone: (212) 940-3000
Facsimile: (212) 940-3111

*Special Counsel to the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>INTERFAITH MEDICAL CENTER, INC.[1]<br><br>Debtors. | Chapter 11<br>Case No. 12-48226 (CEC) |

**SUMMARY COVER SHEET FOR FINAL APPLICATION FOR COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES BY NIXON PEABODY LLP, AS SPECIAL COUNSEL**
**TO THE DEBTORS FOR THE PERIOD FROM DECEMBER 2, 2012 THROUGH JUNE 19, 2014**

| | |
|---|---|
| Name of Applicant: | Nixon Peabody LLP |
| Authorized to Provide Professional Services to: | The Debtors |
| Period for Which Compensation and Reimbursement is Sought: | December 2, 2012 through June 19, 2014 |
| Total Amount of Compensation Sought as Actual, Reasonable and Necessary on a Final Basis[2]: | $453,503.50 |
| Total Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $2,886.24 |
| Total Amount of Compensation Previously Awarded as Actual, Reasonable and Necessary: | $302,944.50 |
| Total Amount of Expense Reimbursement Previously Awarded as Actual, Reasonable and Necessary: | $2,629.53 |
| Total Amount of Compensation Previously Paid by the Debtors: | $314,888.40 |
| Total Amount of Expense Reimbursement Previously Paid by the Debtors: | $2,736.26 |

---

[1] The last four digits of the Debtor's federal tax identification number are 6155. The Debtor's mailing address is 1545 Atlantic Avenue, Brooklyn, New York 11213.

[2] The amount sought in this Application reflects reductions of $6,000 and $5,560, respectively, that Nixon Peabody previously agreed to write-off to resolve the United States Trustee's objections to Nixon Peabody's First and Third Interim Fee Applications.

15052426.4

Hearing Date: August 11, 2014 at 2:00 p.m. (Eastern Time)
Objection Deadline: August 4, 2014 at 5:00 p.m. (Eastern Time)

NIXON PEABODY LLP
Peter Armstrong Egan
Christopher M. Desiderio
437 Madison Avenue
New York, New York 10022
Telephone: (212) 940-3000
Facsimile: (212) 940-3111

*Special Counsel to the Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re                                                                   :    Chapter 11
                                                                            :
Interfaith Medical Center, Inc.[1]                          :    Case No. 12-48226 (CEC)
                                                                            :
                                      Debtor.                 :
-------------------------------------------------------x

# FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY NIXON PEABODY LLP AS SPECIAL COUNSEL TO THE DEBTORS FOR THE PERIOD FROM DECEMBER 2, 2012 THROUGH JUNE 19, 2014

Nixon Peabody LLP ("**Nixon Peabody**"), counsel to the above-captioned debtor and debtor in possession (collectively, the "**Debtors**"), respectfully submits this Final Application for Compensation and Reimbursement of Expenses (the "**Application**"), in accordance with sections 328, 330 and 331 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure for the period December 2, 2012 through June 19, 2014 (the "**Compensation Period**"). In support of this Application, Nixon Peabody states as follows:

---

[1]  The last four digits of the Debtor's federal tax identification number are 6155. The Debtor's mailing address is 1545 Atlantic Avenue, Brooklyn, New York 11213.

## PRELIMINARY STATEMENT

1. As special counsel for the Debtors, Nixon Peabody relied on professionals preeminent in their areas of practice to assist the Debtors in their reorganization efforts. Nixon Peabody's legal services included assistance to the Debtors in overcoming serious hurdles to reorganization on an expedited basis and finding innovative solutions to resolve complex transactional and litigation challenges. The services provided by Nixon Peabody's professionals were enhanced by its institutional know-how in the health care industry and the cross-disciplinary skills of Nixon Peabody professionals.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1.

## BACKGROUND

3. On December 2, 2012 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues in possession of its property and management of its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. On December 13, 2012, the Office of the United States Trustee for the Eastern District of New York (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Committee**") in this case.

4. The events leading to the Debtor's chapter 11 filing and certain facts and circumstances supporting the relief requested herein are further described in the *Declaration of Luis A. Hernandez, President and Chief Executive Officer of Interfaith Medical Center, Inc., In*

*Support of Chapter 11 Petition and First Day Pleadings* [Docket No. 2], which was filed with the Court on the Petition Date.

5.   Prior to the Petition Date, Nixon Peabody was retained by the Debtor to provide general advice and assistance with regard to general healthcare matters.

6.   Nixon Peabody was retained during this chapter 11 case as special counsel pursuant to the *Order Authorizing Debtor to Employ and Retain Nixon Peabody LLP as Special Corporate and Healthcare Counsel to Debtor and Debtor in Possession* [Docket No. 144] (the "**Retention Order**") attached hereto as Exhibit E.

7.   Pursuant to the Retention Order, Nixon Peabody was retained by the Debtor to provide legal services in connection with this case (the "**Services**"), including the following:

- advising the Debtor in connection with Debtor's merger with potential merger partners;

- advising the Debtor on various healthcare matters as Debtor's healthcare regulatory counsel; and

- advising the Debtor with respect to compliance matters, including matters that implicate healthcare fraud and abuse laws.

### APPLICATION BY NIXON PEABODY

8.   By this Application, Nixon Peabody requests approval of fees in the aggregate amount of $453,503.50 and reimbursement of expenses in the aggregate amount of $2,886.24 for services rendered during the period from December 2, 2012 through June 19, 2014 (the "**Application Period**"). The amount sought in this Application reflects reductions of $6,000 and $5,560, respectively, that Nixon Peabody previously agreed to write-off to resolve the United States Trustee's objections to Nixon Peabody's First and Third Interim Fee Applications.

3

15052426.4

9.    Nixon Peabody has provided substantial legal services to the Debtors during the Application Period.  Attached hereto as <u>Exhibit A</u> is a summary of the services rendered by Nixon Peabody, for which compensation is sought, by project category.  Attached hereto as <u>Exhibit B</u> is a listing of Nixon Peabody professionals and paraprofessionals, including the hourly rate for each attorney and paraprofessional (collectively, the "**Nixon Peabody Professionals**") who rendered services to the Debtors in connection with these chapter 11 cases during the Application Period and the title, hourly rate, aggregate hours worked and the amount of fees earned by each Nixon Peabody Professional.

10.    Attached hereto as <u>Exhibit C</u> are the records of Nixon Peabody, which provide a daily summary of the time spent by each Nixon Peabody Professional during the Application Period by project category.

11.    <u>Exhibit C</u> also contains a detailed itemization of expenses.  Attached hereto as <u>Exhibit D</u> is a summary of those expenses.

## SUMMARY OF SERVICES

A.    **General Matters**

12.    During the Application Period, Nixon Peabody responded to numerous discrete legal issues.  Nixon Peabody opens new matters for issues that take more than a few hours to address.  For matters that require only a few minutes or hours to address, that time may be reflected in this general matters account.

|  |  |  |  |
|---|---|---|---|
| Total Fees during Application Period: | $52,102.50 | Total Hours during Application Period: | 121.50 |

4

B.  **Emcare Termination**

13. During the Application Period, Nixon Peabody reviewed and provided litigation documents in connection with the termination, prepared and served Suggestions of Bankruptcy and communicated with plaintiff's counsel.

| | | | |
|---|---|---|---|
| Total Fees during Application Period: | $9,586.00 | Total Hours during Application Period: | 27.80 |

C.  **The Max Group**

14. During the Application Period, Nixon Peabody advised the Debtor on matters relating to a pre-petition settlement.

| | | | |
|---|---|---|---|
| Total Fees during Application Period: | $3,531.00 | Total Hours during Application Period: | 10.50 |

D.  **Interfaith Psychiatry Services, P.C.**

15. During the Application Period, Nixon Peabody revised various documents relating to ownership and control of Interfaith Psychiatry Services, P.C., a practice that provides services that benefit the Debtor's business.

| | | | |
|---|---|---|---|
| Total Fees during Application Period: | $3,126.00 | Total Hours during Application Period: | 9.70 |

E.  **Interfaith Emergency Medical Services, P.C.**

16. During the Application Period, Nixon Peabody revised various documents relating to services and employment agreements for Interfaith Emergency Medical Services, P.C., a practice that provides services that benefit the Debtor's business. Nixon Peabody also prepared documents in connection with a transfer of stock ownership.

| | | | |
|---|---|---|---|
| Total Fees during Application Period: | $3,971.00 | Total Hours during Application Period: | 12.90 |

F. **Merger** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

17.     During the Application Period, Nixon Peabody participated in meetings regarding the status of a potential merger candidate.

| | |
|---|---|
| Total Fees during Application Period:    $37,606.00 | Total Hours during Application Period:    75.70 |

G. **Interfaith Professional Physician Services**

18.     During the Application Period, Nixon Peabody provided advice to Debtor, with respect to the relationship and between Debtor and the physician practice entities controlled by Debtor. In particular, Nixon Peabody provided advice with respect to the employment of physicians by such physician practice entities.

| | |
|---|---|
| Total Fees during Application Period:    $3,352.50 | Total Hours during Application Period:    7.70 |

H. **Radiology Agreement**

19.     During the Application Period, Nixon Peabody negotiated the termination of Debtor's Radiology Services Agreement with Atlantic Radiology, P.C. In connection with this termination, Nixon Peabody also advised Debtor with respect to professional liability insurance issues arising from Debtor's employment of radiologists who formerly provided services on behalf of Atlantic Radiology, P.C.

| | |
|---|---|
| Total Fees during Application Period:    $2,454.50 | Total Hours during Application Period:    5.90 |

I. **Compliance** ▓▓▓▓▓▓▓▓▓▓▓▓

20.     During the Application Period, Nixon Peabody worked with the Debtor and the Debtor's third party consultant to address certain healthcare regulatory compliance issues.

| | |
|---|---|
| Total Fees during Application Period:    $11,460.50 | Total Hours during Application Period:    24.80 |

J.  **Urgent Care**

21. During the Application Period, Nixon Peabody negotiated and revised various Agreements and documents with Dr. Purcell's attorney. Dr. Purcell is the nominee shareholder of Atlantic Urgent Care, P.C., a practice that provides services which benefit the Debtor's business. It is anticipated that Atlantic Urgent Care, P.C. will provide urgent care services at a location near Debtor's emergency room, and that such services will result in cost savings and operational efficiencies in Debtor's emergency department.

| | | | |
|---|---|---|---|
| Total Fees during Application Period: | $22,595.50 | Total Hours during Application Period: | 61.20 |

K.  **Bankruptcy Retention/Fee Applications**

22. During the Application Period, Nixon Peabody prepared, filed and prosecuted its Fee Applications and conducted negotiations relating to objections raised in connection therewith. Additionally, Nixon Peabody prepared and served Monthly Fee Statements for each month of the Application Period.

| | | | |
|---|---|---|---|
| Total Fees during Application Period: | $46,858.00 | Total Hours during Application Period: | 111.70 |

L.  **Compliance** [redacted]

23. During the Application Period, Nixon Peabody worked with Debtor's management regarding status and next steps of staff compensation issue.

| | | | |
|---|---|---|---|
| Total Fees during Application Period: | $36,314.50 | Total Hours during Application Period: | 63.90 |

M.  **DIP Financing – Healthcare Provisions**

24. During the Application Period, Nixon Peabody responded to questions from Debtor's Chief Executive Officer and Board Chair, relating to Department of Health positions that implicated Debtor's ability to continue its debtor in possession financing arrangement.

    Total Fees during  
    Application Period:    $3,133.50

    Total Hours during  
    Application Period:    4.30

N. **Olympus Healthcare Management, Inc.**

25. During the Application Period, Nixon Peabody prepared and negotiated a management services agreement with Olympus Healthcare Management, Inc. ("**Olympus**"). Debtor planned to engage Olympus, to provide non-clinical management services in connection with Debtor's planned urgent care services.

    Total Fees during  
    Application Period:    $4,411.50

    Total Hours during  
    Application Period:    10.20

O. ███████ **Radiology Services**

26. During the Application Period, Nixon Peabody reviewed and commented on a proposed agreement with ███████████████ Debtor planned to engage ███ to provide teleradiolgy services during hours that Debtor's employed radiologists are not available. Nixon Peabody addressed numerous economic, factual and regulatory issues in the draft agreement originally provided by ███████████████.

    Total Fees during  
    Application Period:    $4,756.50

    Total Hours during  
    Application Period:    11.50

P. ███████████████████

27. During the Application Period, Nixon Peabody assisted Debtor in responding to a request by █████████████████████████████████████ to review numerous █████████████████████████.

    Total Fees during  
    Application Period:    $32,433.00

    Total Hours during  
    Application Period:    87.20

Q. **Joint Commission Consulting Agreement**

28. During the Application Period, Nixon Peabody reviewed and commented on a draft Consulting Agreement provided by potential vendor.

|   |   |
|---|---|
| Total Fees during Application Period: $1,662.00 | Total Hours during Application Period: 4.10 |

R. █████████████

29. ████████████████████████████████████████

████████████████████████████████████████████████

█████

|   |   |
|---|---|
| Total Fees during Application Period: $8,246.50 | Total Hours during Application Period: 17.60 |

S. █████████████

30. During the Application Period, Nixon Peabody researched and analyzed New York law regarding ████████████ Nixon Peabody also prepared for and attended a hearing and conferences related to ████████████

|   |   |
|---|---|
| Total Fees during Application Period: $10,752.50 | Total Hours during Application Period: 40.10 |

T. **Seton Hall University**

31. During the Application Period, Nixon Peabody reviewed a rotation agreement.

|   |   |
|---|---|
| Total Fees during Application Period: $1,080.00 | Total Hours during Application Period: 2.40 |

U. **Kurron Shares of America, Inc.**

32. During the Application Period, Nixon Peabody reviewed agreements in connection with the termination and employment of certain executive employees. In addition, Nixon Peabody attended a related board meeting.

|   |   |
|---|---|
| Total Fees during Application Period: $6,363.00 | Total Hours during Application Period: 13.20 |

V. **Closure Plan**

33. During the Application Period, Nixon Peabody participated in conference calls and provided advice in connection with the Debtor's closure plan.

    Total Fees during  
    Application Period:    $8,489.50

    Total Hours during  
    Application Period:    16.40

W. **Bedford Avenue Dental Lease**

34. During the Application Period, Nixon Peabody provided advice regarding and negotiated a lease between Debtor and the landlord for Debtor's dental clinic.

    Total Fees during  
    Application Period:    $5,252.50

    Total Hours during  
    Application Period:    15.00

X. **DOH-Laboratory Issues**

35. During the Application Period, Nixon Peabody provided advice regarding regulatory issues surrounding Debtor's pathology laboratory. In particular, Nixon Peabody provided advice regarding a Department of Health survey of the laboratory, and Debtor's response to the Department's demand for a remediation plan.

    Total Fees during  
    Application Period:    $6,694.50

    Total Hours during  
    Application Period:    14.60

Y. **Nurse Licensure Issue**

36. During the Application Period, Nixon Peabody provided advice regarding an investigation into the conduct of a Debtor-employed registered nurse. The conduct in question related to the death of a patient.

    Total Fees during  
    Application Period:    $16,312.00

    Total Hours during  
    Application Period:    42.30

Z. **OIG Information Request**

37. [REDACTED]

███████████████████████████████████████████████

███████████████████████████████

      Total Fees during  
      Application Period:    $12,606.50           Total Hours during  
                                                                  Application Period:    27.90

AA. **<u>Getty Copyright Issues</u>**

38. During the Application Period, Nixon Peabody advised Debtor, with respect to a demand letter alleging that Debtor improperly utilized copyrighted images on its website.

      Total Fees during  
      Application Period:    $1,953.00            Total Hours during  
                                                                  Application Period:    4.20

BB. **<u>Board Issues</u>**

39. During the Application Period, Nixon Peabody advised Debtor's Board of Directors, with respect to issues surrounding the conduct of a particular Director. Such conduct ultimately resulted in the removal of the Director by the Board for cause. Nixon Peabody advised the Board of Directors on the state of the law applicable to the conduct in question, and provided advice with respect to the process for deliberating whether to remove the Director.

      Total Fees during  
      Application Period:    $36,683.50           Total Hours during  
                                                                  Application Period:    59.90

CC. **<u>Kingsbrook Jewish</u>**

40. During the Application Period, Nixon Peabody provided advice with respect to the transfer of patient information and the leasing of employees to Kingsbrook Jewish Medical Center, in connection with Kingsbrook's planned assumption of Debtor's outpatient clinic operations. In addition, Nixon Peabody coordinated the assembly and dissemination of due diligence materials requested by Kingsbrook Jewish Medical Center, with respect to outpatient clinic operations.

      Total Fees during                                                                   Total Hours during

15052426.4

        Application Period:   $17,461.50        Application Period:   43.10

DD. ███████████████████

41. During the Application Period, Nixon Peabody assisted Debtor by ███████████████████████████████████████████████ in ███████████████

    Total Fees during                             Total Hours during
    Application Period:   $40,214.50        Application Period:   89.60

EE. **OPD Investigation Nurse Rose**

42. During the Application Period, Nixon Peabody assisted Debtor in responding to an investigation by the Office of Professional Discipline.

    Total Fees during                             Total Hours during
    Application Period:   $2,140.00         Application Period:   5.60

FF. **Lightpath Agreement**

43. During the Application Period, Nixon Peabody assisted Debtor by reviewing and commenting on a vendor agreement.

    Total Fees during                             Total Hours during
    Application Period:   $2,752.50         Application Period:   6.80

GG. **Meditech**

44. During the Application Period, Nixon Peabody assisted Debtor by reviewing and commenting on a vendor agreement.

    Total Fees during                             Total Hours during
    Application Period:   $739.50            Application Period:   1.80

HH. **Blueally Services Agreement**

45. During the Application Period, Nixon Peabody assisted Debtor by reviewing and commenting on a vendor agreement.

    Total Fees during                             Total Hours during
    Application Period:   $1,973.00         Application Period:   4.90

II. **Intelligent Medical Objects, Inc.**

46. During the Application Period, Nixon Peabody assisted Debtor by reviewing and commenting on a vendor agreement.

| | |
|---|---|
| Total Fees during Application Period: $1,000.00 | Total Hours during Application Period: 2.50 |

JJ. **Dell Contract Review**

47. During the Application Period, Nixon Peabody assisted Debtor by reviewing and commenting on a vendor agreement.

| | |
|---|---|
| Total Fees during Application Period: $4,993.50 | Total Hours during Application Period: 11.70 |

## EXPENSES INCURRED BY NIXON PEABODY

48. Section 330 of the Bankruptcy Code authorizes "reimbursement for actual, necessary expenses" incurred by professionals employed under section 327 of the Bankruptcy Code. The total amount of the requested expenses incurred by Nixon Peabody during the Application Period is $2,886.24, as detailed in the attached Exhibit C. Additionally Exhibit D provides a breakdown of each expense by date, description and amount. As set forth above, Nixon Peabody seeks reimbursement for expenses incurred in rendering services to the Debtors during the Application Period in the amount of $2,886.24.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

49. Section 330 of the Bankruptcy Code provides that the Court may award a professional person employed under section 327 or 1103 of the Bankruptcy Code:

   a. reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

   b. reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

15052426.4

50. In determining the amount of reasonable compensation to be awarded, the Court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:

   a. the time spent on such services;

   b. the rates charged for such services;

   c. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

   d. with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

   e. whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)(A) – (F).

51. Nixon Peabody respectfully submits that compensation for the services rendered and reimbursement of expenses incurred is reasonable based on (i) the time and labor required; (ii) the complexity of the legal questions presented; (iii) the skill required to perform the legal services; (iv) the customary compensation in New York; and (v) the experience and ability of the attorneys providing service.

52. With respect to each of these standards, Nixon Peabody submits that the compensation requested is reasonable and appropriate.

53. The amount requested by Nixon Peabody is well within the range of customary compensation awarded to other bankruptcy professionals with similar experience in the Eastern District of New York.

54. Accordingly, approval of the compensation and reimbursement sought herein is warranted.

## NOTICE

55.     Notice of this Application and its exhibits will be given to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the Dormitory Authority of the State of New York; and (d) all parties that have requested notice pursuant to Bankruptcy Rule 2002 prior to the date of service hereof. Nixon Peabody respectfully submits that no other or further notice is required.

## CONCLUSION

WHEREFORE, Nixon Peabody respectfully moves the Court for an Order (i) approving its aggregate fees in the sum of $453,503.50 and aggregate expenses in the sum of $2,886.24, for fees and expenses incurred during the Application Period, (ii) authorizing the Debtors to immediately pay all of Nixon Peabody's outstanding fees, and (iii) granting such other relief as is just and proper.

Respectfully submitted,

Dated: July 21, 2014
       New York, New York         NIXON PEABODY LLP


By:     /s/ Christopher M. Desiderio
Peter Armstrong Egan
Christopher M. Desiderio
437 Madison Avenue
New York, New York 10022
Telephone: (212) 940-3000
Facsimile: (212) 940-3111

*Special Counsel to the Debtor*

15052426.4

**Exhibit A**

15052426.4